IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:25-cr-00040-(2) |
| v. | : Judge Jeffery P. Hopkins |
| HUGH T. CAMPBELL, | : |
| *Defendant.* | : |

**OPINION AND ORDER**

This matter is before the Court on Defendant Hugh Campbell's ("Defendant" or "Campbell") Unopposed Motion to Revoke Detention Order (the "Motion").[1] Doc. 91. The Indictment charges Defendant with conspiracy to create and distribute animal crush videos under 18 U.S.C. § 371. Doc. 56.

For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Revoke Detention Order (Doc. 91) and **ORDERS** Defendant released pending trial subject to the conditions set forth by the Eastern District of Pennsylvania and as modified by this Opinion and Order.

**I.   BACKGROUND**

Defendant was charged by way of Indictment on April 23, 2025 with conspiracy to create and distribute animal crush videos, in violation of 18 U.S.C. § 371. Defendant was arrested on May 8, 2025 in the Eastern District of Pennsylvania. Doc. 94, PageID 596. The

---

[1] The government initially filed a response in opposition to Defendant's Motion on June 16, 2025. Doc. 94. However, during the hearing on July 17, 2025, the government indicated that it no longer opposes the Motion. Thus, the Court will construe the instant Motion as unopposed.

United States moved for Defendant's pretrial detention. *Id*. On May 12, 2025, Magistrate Judge Craig M. Staw held a detention hearing and ordered that Campbell be detained (the "Detention Order") and found that: (a) the government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and (b) the government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. On June 3, 2025, Defendant moved to revoke the Detention Order. The Parties attended an oral argument hearing on the Motion on July 17, 2025, where the government rescinded their opposition to the Motion. The matter is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

The law generally presumes that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pretrial detention is warranted only if a court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Court balances four factors in making this determination: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." United States v. Spivak, 555 F. Supp. 3d 541, 547 (N.D. Ohio 2021); (quoting 18 U.S.C. § 3142(g)) (internal quotation marks omitted). The Court addresses each factor below.

### III. LAW AND ANALYSIS

#### A. The Factors Weigh in Favor of Defendant's Release Pending Trial.

The Court finds that the § 3142(g) factors weigh in favor of Defendant's pretrial release. Further, the Court concludes that the combination of conditions, including the surrender of his passport and firearms, limitations on communications, imposition of monitoring software on any electronic devices to which Defendant has access, and prohibition of possessing devices capable of creating pictures or videos will reasonably assure Defendant's appearance and maintain community safety.

1. *Nature and Circumstances of the Offense Charged*

*First*, the Court considers the "nature and circumstances of the offense charged, including whether the offense is a violent crime." *United States v. Moss*, No. 1:24-CR-66-3, 2024 WL 4328939, at *2 (S.D. Ohio Sept. 27, 2024) (citing 18 U.S.C. § 3142(g)(1)). Here, the Indictment charges Defendant with one count of conspiring to create and distribute animal crush videos. Doc. 14. The alleged charge is undoubtedly horrific, and Defendant's alleged actions in furtherance of this conspiracy are simply revolting. The record shows that Defendant sought out videos depicting obscene violence against helpless, caged animals (including infant monkeys), connived of grotesque and novel methods for the Indonesia-based videographer to inflict excruciating pain on those terrified animals, expressed pure excitement when in receipt of such videos, and confessed his unadulterated ecstasy in viewing them in all their gruesome nature. *Id*.

However, as viscerally disturbing as these allegations are, the Court finds that these facts do not render Defendant a danger to his community *per se*. This finding by no means attempts to downplay the seriousness—or the heinousness—of the underlying crime(s). But

3

Defendant is charged for his role in promoting, purchasing, and distributing videos depicting violence against animals. Defendant is *not* charged with directly having participated in the physically torture of the animals. Doc. 91, PageID 560. When adjudicating upon a motion to revoke a release order in a case with facts largely similar to the case at bar, the court in *United States v. Moss* held that creation of animal crush videos solely by way of electronic communications—as is the case here—suggests that a defendant "does not so much present a risk of violence himself." 2024 WL 4328939, at *2. Rather, that defendant "allegedly promotes violence only when he is in contact with others." *Id*.

The Court concludes that, with adequate and modified conditions for Defendant's release, which are outlined in greater detail below, the "nature and circumstances of the offense do not establish that [Defendant's] release presents an unacceptable risk to the safety of others and the community." *Id*. at *3. Therefore, this factor weighs in favor of pretrial release.

2. *Weight of the Evidence against Campbell*

*Second*, the Court assesses the weight of the evidence against Campbell. This factor "only goes to the likelihood of dangerousness or that the defendant will pose a risk of flight, 'not the weight of the evidence of the defendants' guilt.'" *United States v. Bothra*, No. 19-1092, 2019 WL 8883547, at *2 (6th Cir. Mar. 28, 2019) (quoting *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (noting that § 3142(g) "neither requires nor permits a pretrial determination of guilt").

The record does not conclusively establish that Defendant presents an inherent danger to the community or poses a serious risk of flight. As discussed above, Defendant is not alleged to have inflicted any direct harm to the animals himself—only that he ordered and

4

purchased videos depicting those depraved acts of cruelty. With proper electronic monitoring and other such restrictions, however, Defendant will be prevented from communicating with others or having the opportunity to partake in the activities for which he now faces federal indictment. "The availability of such restrictions [and conditions] assuages the Court that [Defendant] will not present a danger to the community when released." *Moss*, 2024 WL 4328939, at *3.

The Court now turns to the risk of flight. Defendant will be required to surrender—and has already surrendered—his passport as a condition for his release pending trial. This condition substantially curtails the likelihood of flight from the country to avoid prosecution. *See Moss*, 2024 WL 4328939, at *3 ("[T]he Court concludes it would be difficult, if not impossible, for [the defendant] to leave the country without a passport."). As such, the Court finds that the Defendant does not present an immediate danger to the community and does not pose a serious flight risk. This factor weighs in favor of pretrial release.

### 3. *Campbell's History and Characteristics*

*Third*, the Court addresses Defendant's history and characteristics pursuant to 18 U.S.C. § 3142(g)(3). Here, the Court must consider Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." *Id*. § 3142(g)(3)(A). And the Court must ask "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." *Id*. § 3142(g)(3)(B).

Defendant puts forth evidence that he has no prior criminal history, has been married for almost 15 years, has been a father for ten years, has had stable employment, and has no underlying substance abuse or mental health concerns. Doc. 91, PageID 560–61. The Court's assessment of this factor is primarily guided by the fact that Defendant has no prior criminal history and was not on probation or parole at the time he was charged for the instant offense. *See, e.g.*, *United States v. Stidham*, No. 3:10-CR-79, 2010 WL 2639925, at *3 (E.D. Tenn. June 25, 2010) (finding that a defendant's lack of "prior criminal history" and "not [being] on probation, parole or other release" at the time he was charged "favors release"); *cf. United States v. Goodman*, No. 3:23-CR-96-BJB, 2023 WL 8461635, at *3 (W.D. Ky. Dec. 6, 2023) (finding that a defendant's extensive criminal history "strongly favors detention"); *United States v. Holden*, No. 17-CR-33-JMH-1, 2017 WL 1362684, at *3 (E.D. Ky. Apr. 12, 2017) (same). Moreover, Defendant's firearms have now been placed in the custody of his sister and no longer remain in his marital residence. Doc. 91, PageID 558. Therefore, this favor weighs in favor of pretrial release.

4. *Nature and Seriousness of the Danger of Campbell's Release*

*Finally*, the Court evaluates the "nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g)(4). Again, the Court emphasizes that Defendant did not *directly* inflict harm onto animals. Moreover, his lack of criminal history allows this Court to conclude that Defendant does not pose a serious danger to the community, especially if certain conditions and restrictions are imposed that prevent Defendant from accessing the internet. This final factor weighs in favor of pretrial release.

### B. Conditions of Release.

The Court imposes the following conditions on Defendant's release:

1. Mr. Campbell must report to the U.S. Pretrial Services Office on a schedule determined by the Pretrial Officer.

2. Mr. Campbell must surrender his passport to the U.S. Clerk of Courts.

3. Mr. Campbell must not obtain another passport or other international travel document.

4. Mr. Campbell must actively seek or maintain employment.

5. Mr. Campbell must not possess a firearm, destructive device, or other dangerous weapons. All eight (8) firearms previously in the home in which Defendant resides are to be removed, and verification by Defendant must be provided to the Pretrial Services Officer.

6. Mr. Campbell must abide by the following computer/internet restrictions, which include manual inspection of any internet-capable device (such as a computer, cell phone, or gaming system), and/or installation of computer monitoring software, as deemed appropriate by Pretrial Services. Defendant shall pay all or part of the cost of the program based upon his ability to pay as determined by the Pretrial Services Officer. Defendant is permitted to have one monitored, android cell phone. All other internet connected devices are to be removed from the home.[2, 3]

---

[2] Defendant is allowed a computer with internet access. Defendant is permitted use of computers or connected devices and is permitted access to the internet (World Wide web, FTP Sites, IRC Servers, Instant Messaging, etc.) for legitimate and necessary purposes preapproved by Pretrial Services at home.

[3] By consent of other residents in the home, any computers in the home utilized by other residents shall be approved by Pretrial Services, password protected by a third-party custodian approved by Pretrial Services, and subject to inspection for compliance by Pretrial Services.

7. Mr. Campbell must not possess any device that is capable of creating pictures or videos, including but not limited to cellular telephones (unless monitored by Pretrial Services).

8. Mr. Campbell may keep his two (2) pet dogs in his residence; however, he may not possess any other animals in his home.

9. Mr. Campbell must not possess, view, or listen to material displaying harm to animals.

10. Mr. Campbell must not make any international telephone calls or engage in any other form of communication with any persons outside the United States, except with his spouse's family.

11. Mr. Campbell must not download, utilize, access, or otherwise visit Telegram or any other similar encrypted messaging app.

12. Mr. Campbell must participate in a program of mental health assessment and/or psychological counseling, as directed by the United States Probation Office, until such time as Defendant is released from such program by the Probation Office.

13. Mr. Campbell must refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 30 days of being released from pretrial detention and, if the drug screen is positive, at least two periodic drug tests thereafter, as determined by the United States Probation Office.

### IV. CONCLUSION

For the reasons explained, the Court **GRANTS** Defendant's Motion to Revoke Detention Order. Doc. 91. Upon the surrender of Defendant's passport, the Court **ORDERS**

Defendant's release pending trial subject to the original conditions of release and to the conditions as modified in this Opinion and Order.

    **IT IS SO ORDERED.**

July 22, 2025

                                                     Jeffery P. Hopkins
                                                     United States District Judge